# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| LORIE TITUS, | ) |
| Plaintiff, | ) |
| v. | ) No. 4:18-cv-03188-DGK-SSA |
| ANDREW M. SAUL, | ) |
| Acting Commissioner of Social Security, | ) |
| Defendant. | ) |

## **ORDER AFFIRMING THE COMMISSIONER'S DECISION**

Plaintiff Lorie Titus petitions for review of an adverse decision by Defendant, the Acting Commissioner of Social Security. Plaintiff applied for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-34. The Administrative Law Judge ("ALJ") found that Plaintiff had severe impairments through her date last insured, including degenerative disc disease, osteopenia, depressive disorder, and an adjustment disorder. But the ALJ also found that Plaintiff retained the residual functional capacity ("RFC") to perform light work and denied her claim for benefits. After carefully reviewing the parties' arguments and the record as a whole, the Court finds that substantial evidence supports the ALJ's opinion. The Commissioner's decision is therefore AFFIRMED.

**Procedural Background**

The complete facts and arguments are presented in the parties' briefs and are repeated here only to the extent necessary. Plaintiff filed her application on July 27, 2015, alleging a disability onset date of March 15, 2007. The Commissioner denied the application at the initial-claim level, and Plaintiff appealed the denial to an ALJ. The ALJ issued an unfavorable decision, and the Appeals Council denied Plaintiff's request for review, leaving the ALJ's ruling as the

Commissioner's final decision. Plaintiff has exhausted all administrative remedies. Judicial review is now appropriate. *See* 42 U.S.C. § 1383(c)(3).

## Standard of Review

A federal court's review of the Commissioner's decision to deny disability benefits is limited to determining whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Chaney v. Colvin*, 812 F.3d 672, 676 (8th Cir. 2016). Substantial evidence is less than a preponderance but enough that a reasonable mind would find it sufficient to support the Commissioner's decision. *Id.* In making this assessment, a court considers evidence that supports and detracts from the Commissioner's decision. *Id.* A court must "defer heavily" to the Commissioner's findings and conclusions, *Wright v. Colvin*, 789 F.3d 847, 852 (8th Cir. 2015), and may reverse the Commissioner's decision only if it falls outside of the available zone of choice. *Buckner v. Astrue*, 646 F.3d 549, 556 (8th Cir. 2011). A decision is not outside this zone simply because the evidence also points to an alternate outcome. *Id.*

## Discussion

The Commissioner follows a five-step sequential evaluation process[1] to determine whether a claimant is disabled, that is, unable to engage in any substantial gainful activity by reason of a medically determinable impairment that has lasted or can be expected to last for a continuous period of at least twelve months. 42 U.S.C. § 423(d)(1)(A). The claimant bears the burden of proving not only that she suffers from a disability, but also that she was disabled prior to the date

---

[1] "The five-step sequence involves determining whether (1) a claimant's work activity, if any, amounts to substantial gainful activity; (2) his impairments, alone or combined, are medically severe; (3) his severe impairments meet or medically equal a listed impairment; (4) his residual functional capacity precludes his past relevant work; and (5) his residual functional capacity permits an adjustment to any other work. The evaluation process ends if a determination of disabled or not disabled can be made at any step." *Kemp ex rel. Kemp v. Colvin*, 743 F.3d 630, 632 n.1 (8th Cir. 2014); *see* 20 C.F.R. § 416.920(a)–(g). Through Step Four of the analysis the claimant bears the burden of showing that he is disabled. After the analysis reaches Step Five, the burden shifts to the Commissioner to show that there are other jobs in the economy that the claimant can perform. *King v. Astrue*, 564 F.3d 978, 979 n.2 (8th Cir. 2009).

2

she last met the Act's insured-status requirements. 42 U.S.C. § 423(c)(1)(B)(i); 20 C.F.R. § 404.130; *see also Moore v. Astrue*, 572 F.3d 520, 522 (2009).

The ALJ concluded that Plaintiff's insured status expired on September 30, 2012, and that even though her condition deteriorated afterward, she retained the RFC to perform light exertional work through this date. Plaintiff regards this ruling as unsupported by the record. She argues that the ALJ lacked sufficient medical evidence to adequately assess her mental functioning prior to when she was last insured. She further claims that the ALJ improperly discounted evidence supporting a finding that she was disabled, including the opinion of her counselor and her own subjective statements. Plaintiff urges the Court to remand the case for further development of the record.

The Court finds, however, that substantial evidence supports the Commissioner's decision. The ALJ relied heavily upon Plaintiff's medical records from the period between her alleged onset date and date last insured. And, as the ALJ observed, these records show "routine and conservative treatment that was nonetheless effective." R. at 22. For example, a July 2008 primary care note states that Plaintiff was not taking medication and screened negative for depression. R. at 498. She continued to screen negative for depression in the succeeding months. *See, e.g.*, R. at 489-90, 482. Plaintiff did obtain treatment for mental impairments in July 2009, when she reported being unable to work due to the severity of her symptoms. R. at 468-69. But she felt "a lot better" the following month, stating that she had improved "100% on her current medications." R. at 453.

Plaintiff's symptoms varied and intermittently worsened over the next few years, but adjustments to her medications proved effective. R. at 441, 435, 429-30, 404-05, 389, 362, 360-61. She continued meeting with a psychiatrist every few months and, at her final appointment before her date last insured, reported feeling well, albeit "slightly sad." R. at 360. She denied

feeling restless or anxious and did not present acute symptoms of major depression. *Id.* She made friends, tended to her garden, performed household chores, and cared for her husband. R. at 429-30, 360, 58, 46-47. She stopped taking medication for her mental impairments in March 2011 and did not resume doing so until well after the expiration of her insured status. R. at 360, 1195, 1272-74. Taken together, this evidence permits a finding that Plaintiff could perform light work. *See Brown v. Barnhart*, 390 F.3d 535, 540 (8th Cir. 2004) ("If an impairment can be controlled by treatment or medication, it cannot be considered disabling."); *Krogmeier v. Barnhart*, 294 F.3d 1019, 1024 (8th Cir. 2002) (affirming the denial of benefits based on contemporaneous treatment notes regarding the efficacy of medication and the claimant's testimony about his daily activities).

Moreover, the ALJ permissibly accorded little weight to the testimony and opinion of Plaintiff's counselor, Ms. Deborah McCart, who first began treating Plaintiff more than three years after the expiration of her insured status. Per the Commissioner's regulations, a counselor is not an acceptable medical source. 40 C.F.R. § 404.1513(a); *see also Tindell v. Barnhart*, 444 F.3d 1002, 1005 (8th Cir. 2006). The ALJ therefore had considerable discretion to discredit Ms. McCart's opinions to the extent they were inconsistent with other record evidence. *See Lawson v. Colvin*, 807 F.3d 962, 967 (8th Cir. 2015); *Raney v. Barnhart*, 396 F.3d 1007, 1010 (8th Cir. 2005).

Ms. McCart opined that Plaintiff could not work since at least September 30, 2012, and that she would have missed fifteen to twenty days of work per month due to her ailments. R. at 1500-01. The ALJ properly found such conclusions to be contrary to Plaintiff's contemporaneous medical records, which indicated infrequent, conservative, and effective treatment. R. at 26-27. The ALJ was similarly justified in discrediting Plaintiff's subjective statements. Plaintiff testified that she stopped looking for work in September 2012 because she "got tired" and "mentally quit trying." R. at 49. She added that she could not remember her mental health in 2012, other than that she was "really tired and stressed out." R. at 56. She stated that she cared for her husband

4

and parents during this time. R. at 58. Although the ALJ did not discuss Plaintiff's statements in great detail, his decision makes clear that he found them undercut by Plaintiff's treatment records and daily activities. *See* R. at 21.

Finally, Plaintiff is mistaken in arguing that Social Security Ruling 83-20 ("SSR 83-20")[2] required the ALJ to further develop the record by obtaining the testimony of a neutral medical advisor. SSR 83-20 sets forth guidelines for determining the onset date of an alleged disability. It necessitates the services of a medical advisor only if "the medical evidence is ambiguous and a retroactive inference is necessary." *Grebenick v. Chater*, 121 F.3d 1193, 1201 (8th Cir. 1997) (refusing the claimant a medical advisor where contemporaneous records showed that her ailment had not reached a "disabling level of severity" by the date last insured); *see also Rodriguez v. Berryhill*, 763 Fed. Appx. 585, 585-87 (8th Cir. 2019) (holding that past records obviated the need for a medical advisor). Here, the ALJ had sufficient contemporaneous evidence to determine that Plaintiff was not disabled prior to her date last insured. *See Grebenick*, 121 F.3d at 1199-2001. Hence, he did not err in denying Plaintiff's request for a medical expert.

## Conclusion

Substantial evidence supports the ALJ's determination that Plaintiff was not disabled between her alleged onset date and date last insured. Accordingly, the Commissioner's decision denying benefits is hereby AFFIRMED.

**IT IS SO ORDERED.**

Date: <u>July 9, 2019</u>                                    <u>/s/ Greg Kays            </u>
                                                             GREG KAYS, JUDGE
                                                             UNITED STATES DISTRICT COURT

---

[2] The Social Security Administration has since replaced SSR 83-20 with SSR 18-01p, 2018 WL 4945639 (S.S.A. Oct. 2, 2018). But SSR 18-01p did not become effective until October 2, 2018, and courts are to apply the agency rulings in effect at the time the ALJ issued his or her decision. *Id.* at *7.